MICHELE BECKWITH
Acting United States Attorney
JOSEPH D. BARTON
ROBERT VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>BENJAMIN JOHN MARTIN,<br><br>              Defendant. | CASE NO. 1:21-CR-00228-JLT-BAM<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT' MOTION FOR BAIL ON APPEAL |

      The defendant, Benjamin Martin, was convicted in this case of illegally possessing firearms and ammunition while having a prior conviction for a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). He was sentenced to 38 months in prison and ordered to self-surrender to authorities by January 22, 2025, to begin serving his sentence.

      Mr. Martin subsequently appealed his conviction because, in relevant part, he believes that Section 922(g)(9) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He now moves this Court to give him bail on appeal under 18 U.S.C. § 3143(b).

      Mr. Martin's motion lacks merit. He has not met his burden to show (1) by clear and convincing evidence he will not flee or pose a danger to others, and (2) he is likely to prevail on appeal. Both showings are required for his motion to be granted.

1  The Court is familiar with Mr. Martin's history of violence, firearms, and deceit.  *See* Dkt. Nos. 113, 117, and 119.  In short, over the last nine years, he has been convicted of child abuse, domestic violence, and breaching the United States Capitol, and he has had restraining orders issued against him by both his sister and a local supermarket.  He was then convicted of illegally possessing firearms and ammunition in this case, which included an AR-15 assault rifle with high-capacity magazines.  He was also found to have obstructed justice in this case by instructing his fiancée to lie and say that the firearms at issue belonged to her and her father and that he did not know about the firearms.  Therefore, Mr. Martin cannot meet his burden to show by clear and convincing evidence he does not pose a danger to others or a flight risk.  *See* 18 U.S.C. § 3143(b)(1)(A).

Moreover, every court that has considered the constitutionality of Section 922(g)(9) post-*Bruen* has found that the statute is constitutional.  This includes the Sixth Circuit Court of Appeals, district courts outside of the Sixth Circuit, and this Court when it denied Mr. Martin's *Bruen* motion.  *See United States v. Gailes*, 118 F.4th 822, 824-830 (6th Cir. 2024); *United States v. Nutter*, 624 F.Supp.3d 636, 643-44 (S.D. W. Va. 2022); *United States v. Jackson*, 622 F.Supp.3d 1063, 1068 (W.D. Okla. 2022); *United States v. Ryno*, 675 F.Supp.3d 993, 1002 (D. Ala. 2023); *United States v. Donahue*, 680 F.Supp.3d 812, 815–17 (S.D. Tex. 2023); *United States v. Hammond*, 656 F.Supp.3d 857, 865 (S.D. Iowa 2023); *United States v. Padgett*, 2023 WL 3483929 at *5-12 (D. Ala. Jan. 4, 2023); *Humphrey v. United States Fed. Bureau of Investigations*, 2024 WL 867253 at *4-5 and n.55 (D. Ala. Feb. 29, 2024); *United States v. Navarro*, 2024 WL 3378919 at *4-5 (C.D. Cal. July 11, 2024); Dkt No. 97.  Mr. Martin does not address any of this adverse authority in his motion.  Instead, he cites to dated and inapplicable dissents and concurrences, and invalidated decisions.

Confusingly, Mr. Martin spends a significant amount of time in his motion arguing that the Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S. 680 (2024), somehow shows that Section 922(g)(9) is unconstitutional.  Not so.  The Supreme Court in *Rahimi* held that 18 U.S.C. § 922(g)(8), which is similar to Section 922(g)(9) because it prohibits people who are subject to domestic violence restraining orders from possessing firearms, is constitutional.  And lower courts applying *Rahimi* have held that it actually bolsters the case for Section 922(g)(9)'s constitutionality.  *See*, *e.g.*, Gailes, 118 F.4th at 830.  This shows that the constitutionality of Section 922(g)(9) is not a close call or

otherwise debatable, and that Mr. Martin's appeal will almost certainly be denied. Therefore, Mr. Martin cannot meet his burden to show he is likely to prevail on appeal. *See* 18 U.S.C. § 3143(b)(1)(B).

For these reasons, the Court should deny Mr. Martin's motion without a hearing.

Dated:  January 14, 2025                                     MICHELE BECKWITH
                                                             Acting United States Attorney

                                                       By:   */s/ Joseph Barton*
                                                             Joseph Barton
                                                             Robert Veneman-Hughes
                                                             Assistant United States Attorneys